IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-02006-CNS-KAS

ELEKE DAVIS,

      Plaintiff,

v.

UNITED STATES OF AMERICA, and
TIMOTHY ROLAND BROWN, M.D.,

      Defendants.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on Defendants' **Motion to Dismiss Plaintiff's Amended Complaint** [#28][1,2] (the "Motion"). Plaintiff, who proceeds as a pro se litigant,[3] filed a Response [#32] in opposition to the Motion [#28], Defendants filed a Reply [#33],

---

[1] "[#28]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Recommendation.

[2] The Motion is an amendment of Defendants' Motion to Dismiss [#26]; the two filings are "substantively the same," but the instant Motion [#28] is "in the proper font." *Motion* [#28] at 1 n.1. Plaintiff's Response [#32] is linked on the Court's docket to Defendants' original Motion to Dismiss [#26].

[3] The Court must liberally construe the filings of a pro se litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). In doing so, the Court should neither be the pro se litigant's advocate nor "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). In addition, a pro se litigant must follow the same procedural rules that govern other litigants. *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

and Plaintiff filed a Surreply [#36].[4] The Motion [#28] has been referred to the undersigned for a recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D.C.COLO.LCivR 72.1(c)(3). *See* [#30]. The Court has reviewed the briefs, the entire case file, and the applicable law. For the reasons set forth below, the Court **RECOMMENDS** that the Motion [#28] be **GRANTED.**

## I. Background

Plaintiff is a convicted and sentenced federal prisoner in the custody of the Federal Bureau of Prisons ("BOP"). *See Am. Compl.* [#11] at 2, 4. Plaintiff's Amended Complaint [#11] asserts two claims against Defendants United States of America ("United States") and Timothy Brown, M.D. ("Brown") under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346, *et seq. See id.* at 3, 4, 5. Defendant Brown is a United States Public Health Services employee and is licensed to practice medicine in the State of Colorado. *Id.* ¶ 5. Defendant Brown was contracted to work with the BOP. *Id.* ¶ 6.

Plaintiff filed an administrative complaint regarding the events underlying this lawsuit, which was denied, and he commenced this action following the denial. *Id.* ¶¶ 8-9. Plaintiff appears to bring two claims against Defendants under the FTCA: (1) a negligent supervision claim,[5] and (2) a medical negligence claim. *Id.* at 2-5.

---

[4] Surreplies are not contemplated by the Federal Rules of Civil Procedure or the Local Rules of Practice. However, "[g]enerally, the nonmoving party should be given an opportunity to respond to new material raised for the first time in the movant's reply." *Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005). "Material, for purposes of this framework, includes both new evidence and new legal arguments." *Id.* (internal quotation marks and citation omitted). Although the Court did not previously grant Plaintiff leave to file a Surreply, the Court nevertheless has considered it in its adjudication of the Motion [#28].

[5] Neither Claim One nor Claim Two is styled as a negligent supervision claim; however, elsewhere in the Complaint, Plaintiff states that his claim against the United States arises under a negligent supervision theory. *See Am. Compl.* [#11] at 2; *but see id*. at 4-5; *see also Response* [#32] at 1 (discussing negligent supervision claim against the United States).

Regarding Plaintiff's first claim that the United States was negligent in its supervision of Defendant Brown, Plaintiff alleges that Defendant United States had a "duty to insure [sic] that sought out Medical Professional(s) [we]re competent and qualified to perform surgical" procedures. *Id.* ¶ 14 (brackets in original).

Plaintiff's second claim asserts that Defendants negligently performed the surgery which attempted to remove a bullet fragment from Plaintiff's body. *See id.* 5-7. Plaintiff alleges that "[D]efendants performed a surgical procedure failing initially to confirm bullet-fragment placement via x-ray/radiology." *Id.* ¶ 17. Plaintiff further alleges that "[t]his negligent act was a complete deviation from the Standard of Care[.]" *Id.* ¶ 18 (brackets in original omitted). Plaintiff alleges specifically that:

> Defendants' [sic] breached their/its duty of care in: (a) failing to confirm bullet-fragment placement antecedent of surgeries; (b) going upon a surgical expedition in spite of internal organs; (c) after subsequent, second surgical attempt defendants failed to remove lead-foreign matter, namely bullet-fragment; (d) [t]hereafter, misrepresentations of bullet-fragment stability/placement; and (e) Defendants' actions ha[ve] only exacerbated conditions/health[.]

*Id.* ¶ 20. Plaintiff alleges that because of Defendants' alleged negligence he has the following injuries:

> (a) a mobile bullet-fragment-lead within internal organs; (b) unauthorized modification/altering of Central-Digestion organ: stomach; (c) compounded the compromise of immune-efficiency; (d) congestion, indigestion, et al.; (e) irritable bowel symptoms/sluggish bowel symptoms; (f) liver and kidneys malfunctionings; (g) gas bloatedness; (h) [p]ains and spasms; (i) scarring and disfigurement; and (j) Post Traumatic Stress Dysphoria/Dread.

*Id.* ¶ 23. Plaintiff further alleges that due to his injuries he "will be obliged to receive and undergo chronic medical attention and care; and forced to expend indefinite sums an[d] incur such expenditures for a perpetual time in the future." *Id.* ¶ 26.

3

In seeking dismissal of Plaintiff's claims, Defendants argue that: (1) Plaintiff failed to provide adequate notice to the BOP to investigate his negligent supervision claim, therefore failing to meet the jurisdictional exhaustion requirement; and (2) Plaintiff "failed to file a certificate of review as required for claims alleging professional negligence and, even if he had, the amended complaint fails to state a claim for negligence." *Motion* [#28] at 1-2. Because the Court finds that it lacks jurisdiction over Plaintiff's claims, it does not analyze Defendants' alternative argument.

## II. Legal Standards

### A.    Fed. R. Civ. P. 12(b)(1)

"To survive a 12(b)(1) motion to dismiss, a plaintiff must demonstrate that the court has subject-matter jurisdiction." *Audubon of Kan., Inc. v. U.S. Dep't of Interior*, 67 F.4th 1093, 1108 (10th Cir. 2023). In other words, "[a] Rule 12(b)(1) motion to dismiss only requires the court to determine whether it has authority to adjudicate the matter." *Kenney v. Helix TCS, Inc.*, 939 F.3d 1106, 1108 (10th Cir. 2019). Because federal courts are tribunals of limited jurisdiction, the Court must establish a statutory basis to exercise jurisdiction. Fed. R. Civ. P. 12(b)(1); *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). The Court may only exercise jurisdiction "in the presence rather than the absence of statutory authority." *Castaneda v. I.N.S.*, 23 F.3d 1576, 1580 (10th Cir. 1994) (quoting *Wyeth Lab'ys. v. U.S. Dist. Ct.*, 851 F.2d 321, 324 (10th Cir. 1988)). "The party invoking federal jurisdiction has the burden to establish that it is proper, and there is a presumption against its existence." *Salzer v. SSM Health Care of Okla. Inc.*, 762 F.3d 1130, 1134 (10th Cir. 2014) (internal quotation marks omitted).

"Rule 12(b)(1) challenges may take two different forms." *Graff v. Aberdeen Enters., II, Inc.*, 65 F.4th 500, 507 (10th Cir. 2023). "The moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests." *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074 (10th Cir. 2004). "When resolving a facial attack on the allegations of subject matter jurisdiction, a court must accept the allegations in the complaint as true." *Graff*, 65 F.4th at 507 (citing *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995)). "When the moving party attacks the factual basis for subject matter jurisdiction, on the other hand, a court 'may not presume the truthfulness of the factual allegations in the complaint, but may consider evidence to resolve disputed jurisdictional facts.'" *Id.* (quoting *SK Fin. SA v. La Plata Cnty., Bd. of Cnty. Comm'rs*, 126 F.3d 1272, 1275 (10th Cir. 1997)). "Reference to evidence outside the pleadings does not convert the motion to dismiss into a motion for summary judgment[.]" *SK Fin. SA*, 126 F.3d at 1275. "In such instances, a court has discretion to consider affidavits and other documents to resolve the jurisdictional question." *Graff*, 65 F.4th at 507 (citing *Holt*, 46 F.3d at 1003).

**B.     Certificate of Review**

In Colorado, "[i]n every action for damages . . . based upon the alleged professional negligence of . . . a licensed professional, the plaintiff's . . . attorney shall file with the court a certificate of review . . . within sixty days after the service of the complaint[.]" Colo. Rev. Stat. § 13-20-602(1)(a). "[F]ailure to file a certificate of review . . . shall result in the dismissal of the complaint[.]" Colo. Rev. Stat. § 13-20-602(4). The statutory certificate of

5

review requirement is applicable to pro se plaintiffs. *Coleman v. United States*, No. 20-1043, 2021 WL 2835473, at *2 (10th Cir. July 8, 2021). Further "the FTCA incorporates the requirements of Colorado's certificate of review statute for claims against professionals regarding whom expert testimony would be necessary to establish a prima facia case." *Id.* (internal citations and quotations omitted). In some instances, however, "a claim relying on the doctrine of res ipsa loquitur[6] will not require a certificate of review because the facts create a presumption of negligence and, therefore, expert testimony is not necessary." *Williams v. Boyle*, 72 P.3d 392, 397 (Colo. App. 2003).

When a defendant moves to dismiss the case in response to a plaintiff's failure to file either a certificate of review or a motion to extend the filing period, "the plaintiff may demonstrate that no expert testimony is required." *Martinez v. Badis*, 842 P.2d 245, 251 (Colo. 1992). Further, in a case involving res ipsa loquitur, the plaintiff bears the burden of proving that the presumption applies. *See Chapman v. Harner*, 339 P.3d 519, 526 (Colo. 2014).

### III. Analysis

#### A.    Negligent Supervision

Plaintiff alleges that the United States is liable under the FTCA for his injuries under a theory of negligent supervision. *Am. Compl.* [#11] at 2, 3. Defendants seek dismissal on grounds that the Court lacks jurisdiction because Plaintiff's administrative claim did not provide adequate notice to the BOP and, therefore, he failed to exhaust the claim. *Motion* [#28] at 1-2, 6-9.

---

[6] "Res ipsa loquitur is a common-law evidentiary rule that creates a rebuttable presumption that the defendant was negligent." *Chapman v. Harner*, 339 P.3d 519, 521 (Colo. 2014) (internal citation omitted).

The FTCA administrative exhaustion requirement is jurisdictional and cannot be waived. *Est. of Cummings v. United States*, 651 F. App'x 822, 827-28 (10th Cir. 2016). "[A]lthough a plaintiff's administrative claim need not elaborate all possible causes of action or theories of liability, it must provide notice of the facts and circumstances underlying the plaintiff's claims." *Bethel v. United States ex rel. Veterans Admin. Med. Ctr. of Denver, Colo.*, 495 F. Supp. 2d 1121, 1123 (D. Colo. 2007) (internal citations and quotations omitted). To satisfy the exhaustion requirement, a claimant shall file: "(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim." *Lopez v. United States*, 823 F.3d 970, 976 (10th Cir. 2016) (citing *Estate of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 852 (10th Cir. 2005)) (internal quotations omitted).

Claims based on allegations of negligent supervision must be dismissed if the complaint filed with the BOP "fail[s] to mention the possibility that [the plaintiff's] injuries were caused by the inadequate training and supervision of . . . staff." *See Kikumura v. Osagie*, 461 F.3d 1269, 1302 (10th Cir. 2006), *overruled on other grounds by Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007); *see also Lopez*, 823 F.3d at 977 (finding a lack of subject matter jurisdiction over the plaintiff's negligent credentialing and privileging claim because "[n]othing in [his] administrative claim provided the government with notice that it needed to investigate whether the VA Hospital was negligent in credentialing and privileging [the doctor]").

Here, Plaintiff's administrative complaint only mentioned Dr. Brown's purportedly negligent actions and failed to mention anything about supervision or a lack thereof. *See Am. Compl.* [#11-1] at 2-7. Therefore, Plaintiff failed to provide the BOP with adequate

notice of his negligent supervision claim, and thus he failed to fulfill the exhaustion requirement. *See Kikumura*, 461 F.3d at 1302 (holding that exhaustion requirement was not met because "the administrative tort claims [the plaintiff] filed with the BOP fail[ed] to mention the possibility that his injuries were caused by the inadequate training and supervision of ADX staff"). Because the exhaustion requirement is jurisdictional, the Court lacks jurisdiction over Plaintiff's negligent supervision claim, and this claim must be dismissed.

Accordingly, the Court **recommends** that Plaintiff's negligent supervision claim be **dismissed without prejudice.** *See, e.g.*, *Honojos v. United States*, No. 23-1238-DDC-BGS, 2024 WL 1702841, at *3 (D. Kan. Apr. 19, 2024) ("If the court finds that plaintiff failed to administratively exhaust a claim [under the FTCA], it must dismiss the claim without prejudice for lack of jurisdiction.") (citing *Gabriel v. United States*, 683 F. App'x 671, 673-74 (10th Cir. 2017)).

## B.    Medical Negligence

Defendants seek dismissal of Plaintiff's FTCA claim for medical negligence because Plaintiff failed to file the required certificate of review. *Motion* [#28] at 9-12. Plaintiff argues that a certificate of review was unnecessary because his claims fall under the doctrine of res ipsa loquitur. *Response* [#32] at 4-6.

"The FTCA incorporates the requirements of Colorado's certificate of review statute for claims against professionals regarding whom expert testimony would be necessary to establish a prima facia case." *Coleman*, 2021 WL 2835473, at *2 (internal citations and quotations omitted). Further, "only in unusual circumstances" is an expert medical opinion (and, therefore, a certificate of review) unnecessary "to establish the

proper standard of care against which the professional's conduct is to be measured."
*Shelton v. Penrose/St. Francis Healthcare Sys.*, 984 P.2d 623, 627 (Colo. 1999).

One such "unusual circumstance" is when a claim is based on the doctrine of res ipsa loquitur because the facts create a presumption of negligence. *See Williams*, 72 P.3d at 397. "The doctrine of res ipsa loquitur has been applied in medical malpractice cases where the cause of the injury or damage is so apparent that laymen are equally as able as experts to conclude that such things do not happen in the absence of negligence." *Holmes v. Gamble*, 624 P.2d 905, 907 (Colo. App. 1980) (citing *Mudd v. Dorr*, 574 P.2d 97 (1977) (claim against surgeon who left a cottonoid sponge inside patient)). Plaintiff bears the burden of demonstrating that expert testimony is unnecessary and that res ipsa loquitur applies. *See Chapman*, 339 P.3d at 526; *Martinez*, 842 P.2d at 251.

Plaintiff's negligence claim rests on Defendants' alleged failure to use "x-ray/radiology" in order "to confirm bullet fragment placement antecedent of surgeries[.]" *Am. Compl.* [#11] ¶¶ 17, 20. In short, he appears to assert that Defendants' failure to take an x-ray left them without key information pre-surgery, which caused unnecessary damage to his internal organs post-surgery and left the bullet fragment in his body. *Id.* ¶¶ 20, 23. However, contrary to Plaintiff's argument that "the negligence is so obvious as to be in the comprehension of lay people[,]" Plaintiff acknowledges that "it is not apparent at all that Dr. Brown['s] failure to take such pre x-ray could have caused Plaintiff's injuries[.]" *Response* [#32] at 4-5. The Court concludes that the alleged negligence is beyond the comprehension of lay people; therefore, expert testimony is necessary to establish whether Defendants' alleged failure to take a pre-surgery x-ray falls below the standard of care and whether this alleged failure would have resulted in Plaintiff's injuries. As a

9

result, Plaintiff has failed to meet his burden to (1) demonstrate that no expert testimony is required; and (2) establish that his claim falls under the doctrine of res ipsa loquitur. Thus, a certificate of review was required.

Accordingly, the Court **recommends** that Plaintiff's FTCA claim for medical negligence be **dismissed without prejudice.** *See* Colo. Rev. Stat. § 13-20-602(4) ("The failure to file a certificate of review in accordance with this section shall result in the dismissal of the complaint[.]"); *see also, e.g.*, *Alpine Bank v. Hubbell*, No. 05-cv-00026-EWN-PAC, 2007 WL 218906, at *5 (D. Colo. Jan. 26, 2007) (holding that dismissal with prejudice based on failure to file a certificate of review is improper absent egregious circumstances such as gross negligence or forgery).

### IV. Conclusion

Based on the foregoing,

IT IS HEREBY **RECOMMENDED** that the Motion [#28] be **GRANTED**, and that Plaintiff's Amended Complaint [#11] be **DISMISSED without prejudice.**

IT IS FURTHER **ORDERED** that any party may file objections **within 14 days** of service of this Recommendation. In relevant part, Fed. R. Civ. P. 72(b)(2) provides that, "within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). The objection must be "sufficiently specific to focus the

district court's attention on the factual and legal issues that are truly in dispute." *Id.* "[A]

party who fails to make a timely objection to the magistrate judge's findings and

recommendations waives appellate review of both factual and legal questions." *Morales-*

*Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).


Dated: August 8, 2024                               BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge