IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 23-cv-02006-CNS-KAS

ELEKE DAVIS,

    Plaintiff,

v.

UNITED STATES OF AMERICA, and
TIMOTHY ROLAND BROWN, M.D.,

    Defendants.

## ORDER

Before the Court is United States Magistrate Judge Kathryn A. Starnella's Recommendation to grant Defendant United States of America's Motion to Dismiss Plaintiff's Amended Complaint. ECF No. 28 (motion to dismiss); ECF No. 37 (Recommendation). Plaintiff did not object to the Recommendation. For the reasons below, the Court affirms and adopts the Recommendation.

### I. SUMMARY FOR PRO SE PLAINTIFF

You filed a lawsuit on August 3, 2023, asserting two claims against Defendants United States of America and Timothy Brown, M.D. under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346, *et seq*. ECF No. 11 (amended complaint) at 3–5. Your first claim is a negligent supervision claim, and the second is a medical negligence claim. *Id.* at 2–5.

1

The United States moved to dismiss your claims, arguing that you (1) failed to provide adequate notice to the BOP to investigate your negligent supervision claim, therefore failing to meet the jurisdictional exhaustion requirement; and (2) you "failed to file a certificate of review as required for claims alleging professional negligence and, even if [you] had, the amended complaint fails to state a claim for negligence." ECF No. 28 at 1–2.

This Court referred Defendant's motion to dismiss to Magistrate Judge Starnella for initial determination. ECF No. 30. On March 5, 2024, Magistrate Judge Starnella recommended that this Court grant Defendant's motion. *See* ECF No. 37. With respect to your negligent supervision claim, she determined that you failed to provide the BOP with adequate notice of your claim and thus failed to fulfill the FTCA's exhaustion requirement. *Id.* at 6–8. Because the exhaustion requirement strips the Court of jurisdiction, it follows that this claim must be dismissed without prejudice. Similarly, she recommended dismissing without prejudice your medical negligence claim because you failed to file the required certificate of review. *Id.* at 8–10. Moreover, she found that the doctrine of res ipsa loquitur does not apply to your claim because the negligence you allege is beyond the comprehension of lay people.[1] *Id.* at 9. Thus, expert testimony is necessary to establish whether Defendants' alleged failure to take a pre-surgery x-ray falls below the standard of care, and whether this alleged failure would have resulted in your injuries. *Id.*

---

[1] Plaintiff raised the doctrine of res ipsa loquitur in his response brief. ECF No. 32 at 4. The Court therefore assumes that he is familiar with the doctrine.

At the end of her Recommendation, Magistrate Judge Starnella advised that you had 14 days after service of the Recommendation to file a written objection. ECF No. 37 at 10. After the Court granted you an extension to file an objection by September 6, 2024, you apparently elected to not file one. The Court therefore has reviewed her Recommendation and finds it sound. Each of your claims against the United States are dismissed without prejudice, which means that you may refile your claims, assuming that you can satisfy the procedural and jurisdictional requirements. *See Crowe v. Servin*, 723 F. App'x 595, 598 (10th Cir. 2018) ("A dismissal without prejudice just means that the plaintiff isn't barred from refiling the lawsuit within the applicable limitations period." (citations and quotations omitted)).

## II.   LEGAL STANDARD & ANALYSIS

When—as is the case here—a party does not object to a Magistrate Judge's Recommendation, the Court "may review a magistrate [judge]'s report under any standard it deems appropriate." *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)). The Court is "accorded considerable discretion" when reviewing "unchallenged" recommendations. *Id.* Here, the Court has reviewed Magistrate Judge Starnella's thorough Recommendation and is satisfied that it is sound and that there is no clear error on the face of the record.

## III.   CONCLUSION

The Court AFFIRMS and ADOPTS Magistrate Judge Starnella's Recommendation, ECF No. 37, in its entirety as an order of this Court. Accordingly, the Court ORDERS the following:

(1) The United States' Motion to Dismiss Amended Complaint, ECF No. 28, is GRANTED.

(2) Defendant Brown is ordered to file a motion to dismiss or motion to substitute within 14 days of this order should Defendants still believe that the United States is the only proper Defendant pursuant to 28 U.S.C. § 2679(b)(1).[2]

DATED this 12th day of September 2024.

BY THE COURT:

Charlotte N. Sweeney
United States District Judge

---

[2] In the motion, the United States argues that it "is the only proper Defendant here because Plaintiff alleges claims pursuant to the Federal Tort Claims Act. See 28 U.S.C. § 2679(b)(1) (providing that a suit against the United States shall be the exclusive remedy for persons with claims for damages resulting from the negligent actions of federal employees taken within the scope of their employment). Accordingly, the United States anticipates moving to be substituted as the sole Defendant." ECF No. 28 at 1 n.2. However, the United States did not move to substitute, and only the United States moved to dismiss the amended complaint.